UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br>v.<br>WILLIAM EDWARD STEVENS, JR.,<br>      Defendant. | Case No. 3:08-cr-00351-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

### INTRODUCTION

Before the Court is Defendant William Edward Stevens, Jr.'s Motion for Early Termination of Supervised Release. Dkt. 25. For the reasons explained below, the Court will deny the motion.

### BACKGROUND

On April 13, 2009, Mr. Stevens was sentenced to 60 months' incarceration followed by 10 years of supervised release for use of interstate facilities to transmit information about a minor, in violation of 18 § 2425, and 12 consecutive months of imprisonment for conspiracy to use a minor to distribute a schedule IV controlled substance, in violation of 21 § 861(a)(1) and (b). *See* Dkt. 24. Mr. Stevens's supervised release term began on August 8, 2014 – meaning that, as of this date, he has served roughly half of his supervised-release sentence.

The United States opposes Mr. Stevens' motion. The United States Probation Officer assigned to the case "has no objection to the filing of [Mr. Stevens'] motion but notes that she cannot support early termination of supervised release because of the nature of his conviction." *Motion,* Dkt. 25, at 4.

## DISCUSSION

Because Mr. Stevens has served more than a year of supervised release, the Court may terminate supervised release if it determines that "that such action is warranted by the conduct of the defendant [to be] released and [is in] the interest of justice." 18 U.S.C. § 3583(e)(1). To make this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), (a)(7).

The Court, having considered these factors, is not persuaded that early termination of supervised release is warranted. *See* § 3583(e)(1). Granted, Mr. Stevens has performed well on supervision, and he is to be commended for taking

**MEMORANDUM DECISION & ORDER -** 2

advantage of so many trainings during prison. Still, though, this behavior does not justify early termination – particularly given the nature of the underlying conviction. Further, as the government points out, the fact that Mr. Stevens has been on supervision for five years, and that he is participating in treatment is to be expected in any case; it does not provide a sufficient basis for early termination. Accordingly, the Court will deny the motion.

## ORDER

**IT IS ORDERED that** Defendant Edward Stevens, Jr.'s Motion for Early Termination of Supervise Release (Dkt. 25) is **DENIED**.

DATED: September 1, 2020

B. Lynn Winmill
U.S. District Court Judge